COPY

2010 MAY -6  PM 4: 21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
FILED

1 | COX, CASTLE & NICHOLSON LLP
Jeffrey D. Masters (STATE BAR NO. 94122)
2 | John R. Musitano (STATE BAR NO. 192947)
2049 Century Park East, 28th Floor
3 | Los Angeles, CA  90067-3284
Telephone:  (310) 277-4222
4 | Facsimile:  (310) 277-7889
Email:  jmasters@coxcastle.com;
5 | jmusitano@coxcastle.com

6 | Attorneys for Plaintiff Taylor Morrison Services, Inc.,
f/k/a Morrison Homes, Inc.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 | TAYLOR MORRISON SERVICES, INC., | CASE NO.  CV 10-03334-CAS-JEM
f/k/a Morrison Homes, Inc., a Delaware
12 | corporation, | **NOTICE OF FILING OF THIRD AMENDED COMPLAINT**

13 | Plaintiff,

14 | vs.

15 | ZURICH AMERICAN INSURANCE
COMPANY, a New York corporation;
16 | THE CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation;
17 | NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
18 | Pennsylvania corporation; AMERICAN
INTERNATIONAL SPECIALTY LINES
19 | INSURANCE COMPANY, an Illinois
corporation; MARKEL AMERICAN
20 | INSURANCE COMPANY, a Virginia
corporation; NEW HAMPSHIRE
21 | INSURANCE COMPANY, a
Pennsylvania corporation; ACE
22 | INSURANCE S.A. – N.V., a company
registered under the laws of Belgium;
23 | CHARTIS INSURANCE (UK) LIMITED,
a company registered under the laws of
24 | England; ACE EUROPEAN GROUP
LIMITED, a company registered under the
25 | laws of England; and DOES 1-20,
inclusive,
26

27 | Defendants.

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

61219\1458615v1

- 1 -
NOTICE OF FILING OF THIRD AMENDED COMPLAINT

1    TO THE CLERK OF THE ABOVE-REFERENCED COURT:

2        PLEASE TAKE NOTICE THAT Plaintiff Taylor Morrison Services, Inc., f/ka

3   Morrison Homes, Inc., by and through its counsel Cox, Castle & Nicholson LLP hereby

4   files its Third Amended Complaint.

5   Dated: May 6, 2010                    COX, CASTLE & NICHOLSON LLP

6

7

8                                         By: _____
                                              Jeffrey D. Masters
9                                             John R. Musitano
                                              Attorneys for Plaintiff Taylor Morrison
10                                            Services, Inc. f/k/a Morrison Homes, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

- 2 -

NOTICE OF FILING OF THIRD AMENDED COMPLAINT

61219\1458615v1

COPY

COX, CASTLE & NICHOLSON LLP
Jeffrey D. Masters (STATE BAR NO. 94122)
John R. Musitano (STATE BAR NO. 192947)
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 277-4222
Facsimile: (310) 277-7889
Email: jmasters@coxcastle.com;
jmusitano@coxcastle.com

Attorneys for Plaintiff Taylor Morrison Services, Inc.,
f/k/a Morrison Homes, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 03 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

TAYLOR MORRISON SERVICES, INC., f/k/a
Morrison Homes, Inc., a Delaware corporation,

         Plaintiff,

vs.

ZURICH AMERICAN INSURANCE
COMPANY, a New York corporation; THE
CONTINENTAL INSURANCE COMPANY, a
Pennsylvania corporation; NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, a Pennsylvania corporation;
AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, an Illinois
corporation; MARKEL AMERICAN
INSURANCE COMPANY, a Virginia
corporation; NEW HAMPSHIRE INSURANCE
COMPANY, a Pennsylvania corporation; ACE
INSURANCE S.A. – N.V., a company registered
under the laws of Belgium; CHARTIS
INSURANCE (UK) LIMITED, a company
registered under the laws of England; ACE
EUROPEAN GROUP LIMITED, a company
registered under the laws of England; and DOES
1-20, inclusive,

         Defendants.

**DEMAND FOR JURY TRIAL**

CASE NO. BC 432515

**THIRD AMENDED COMPLAINT FOR:**

1. **DECLARATORY RELIEF (Zurich Claim Series Endorsement Is Inapplicable)**

2. **DECLARATORY RELIEF (Zurich Claim Series Endorsement Is Unenforceable)**

3. **DECLARATORY RELIEF (Duty To Indemnify – Zurich)**

4. **DAMAGES FOR BREACH OF CONTRACT (Anticipatory Breach – Zurich)**

5. **DECLARATORY RELIEF (Duty To Indemnify – Continental)**

6. **DECLARATORY RELIEF (Duty To Indemnify – National Union – Primary Policies)**

7. **DECLARATORY RELIEF (Duty To Indemnify – National Union – Umbrella Policies)**

8. **DECLARATORY RELIEF (Duty To Indemnify – AISLIC)**

OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

- 1 -

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

9. **DAMAGES FOR BREACH OF CONTRACT (Anticipatory Breach – National Union – Primary Policies)**

10. **DAMAGES FOR BREACH OF CONTRACT (Anticipatory Breach – National Union – Umbrella Policies)**

11. **DAMAGES FOR BREACH OF CONTRACT (Anticipatory Breach – AISLIC)**

12. **DECLARATORY RELIEF (Duty To Indemnify – Markel)**

13. **DAMAGES FOR BREACH OF CONTRACT (Anticipatory Breach – Markel)**

14. **DECLARATORY RELIEF (Duty To Indemnify – New Hampshire and ACE)**

15. **DECLARATORY RELIEF (Duty to Indemnify – Chartis UK and ACE European)**

16. **DECLARATORY RELIEF (Duty To Indemnify – Does 1 through 10, inclusive)**

Plaintiff Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc. ("Plaintiff"), alleges as follows:

## *Nature Of The Action*

1.     This is an insurance coverage action in which Plaintiff seeks declaratory relief and damages as to the obligations of the defendant insurance companies (collectively, "Defendants" and individually, a "Defendant") to pay on behalf of Plaintiff those sums or ultimate net loss that Plaintiff becomes legally obligated to pay as damages, or by reason of liability imposed by law, because of property damage arising out of alleged construction defects in homes constructed on behalf

W OFFICES OF
IX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

of Plaintiff by subcontractors in three (3) communities located in Salida, Stanislaus County, California.  Among other relief, Plaintiff seeks a declaratory judgment, pursuant to California Code of Civil Procedure Section 1060, as to its rights under the insurance policies in question, in accordance with the contractual provisions of those policies, insuring obligations implied or imposed by law, and Plaintiff's reasonable expectations.

### *The Parties*

2.      Plaintiff Taylor Morrison Services, Inc., is a corporation organized under the laws of the State of Delaware with its principal of business in the State of Arizona.  At all relevant times, Plaintiff was authorized and licensed to do and was and is doing business in the State of California.  Taylor Morrison Services, Inc. was formerly known as Morrison Homes, Inc. ("Plaintiff" or "Morrison Homes").

3.      Defendant Zurich American Insurance Company ("Zurich") is a corporation organized under the laws of the State of New York.  Plaintiff is informed and believes and based thereon alleges that Defendant Zurich has its principal place of business in the State of Illinois.  At all relevant times, Defendant Zurich was authorized and licensed to do and was doing business in the State of California.

4.      Defendant The Continental Insurance Company ("Continental") is a corporation organized under the laws of the State of Pennsylvania.  Plaintiff is informed and believes and based thereon alleges that Defendant Continental has its principal place of business in the State of Illinois. At all relevant times, Defendant Continental was authorized and licensed to do and was doing business in the State of California.

5.      Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation organized under the laws of the State of Pennsylvania.  Plaintiff is informed and believes and based thereon alleges that Defendant National Union has its principal place of business in the State of New York.  At all relevant times, Defendant National Union was authorized and licensed to do and was doing business in the State of California.

6.      Defendant American International Specialty Lines Insurance Company ("AISLIC") is a corporation organized under the laws of the State of Illinois.  Plaintiff is informed and

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

believes and based thereon alleges that Defendant AISLIC has its principal place of business in the State of Illinois. At all relevant times, Defendant AISLIC was authorized and licensed to do and was doing business in the State of California.

7.     Defendant Markel American Insurance Company ("Markel") is a corporation organized under the laws of the State of Virginia. Plaintiff is informed and believes and based thereon alleges that Defendant Markel has its principal place of business in the State of Wisconsin. At all relevant times, Defendant Markel was authorized and licensed to do and was doing business in the State of California.

8.     Defendant New Hampshire Insurance Company ("New Hampshire") is a corporation registered under the laws of the State of Pennsylvania. Plaintiff is informed and believes and based thereon alleges that Defendant New Hampshire was at all times relevant authorized and licensed to do and doing business in the State of California.

9.     Defendant ACE Insurance S.A.-N.V. ("ACE") is a company registered under the laws of Belgium. Plaintiff is informed and believes and based thereon alleges that Defendant ACE was at all times relevant authorized and licensed to do and doing business in the State of California.

10.     Defendant Chartis Insurance (UK) Limited ("Chartis UK") is a company registered under the laws of England. Plaintiff is informed and believes and based thereon alleges that Defendant Chartis UK was at all times relevant authorized and licensed to do and doing business in the State of California.

11.     Defendant ACE European Group Limited ("ACE European") is a company registered under the laws of England. Plaintiff is informed and believes and based thereon alleges that Defendant ACE European was at all times relevant authorized and licensed to do and doing business in the State of California.

12.     Plaintiff is ignorant of the true names and capacities of the parties sued as Does 1 through 20, inclusive, and therefore sues them under these fictitious names. Upon learning their true names and capacities, Plaintiff will amend this Complaint to reflect the same. Plaintiff is informed and believes and based thereon alleges that Does 1 through 10, inclusive, are the insurers who provided umbrella and/or excess liability insurance coverage to Plaintiff for the period November 1,

OFFICES OF
C. CASTLE &
HOLSON LLP
ANGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1    2000 through October 31, 2001.

2                    ***The Zurich Primary Insurance Policies***

3            13.    Defendant Zurich issued five (5) separate primary commercial general liability

4    insurance policies with the policy numbers and for the policy periods set forth below:

5    | **Policy Number** | **Policy Period** |
6    | GLO 2090702-00 | November 1, 1997 – November 1, 1998 |
7    | GLO 2090702-01 | November 1, 1998 – November 1, 1999 |
8    | GLO 2090702-02 | November 1, 1999 – November 1, 2000 |
9    | GLO 2090702-03 | November 1, 2000 – November 1, 2001 |
10   | GLO 2090702-04 | November 1, 2001 – November 1, 2002 |

11   The aforementioned insurance policies are hereafter collectively referred to as the "Zurich Policies"

12   and are incorporated by this reference.  A copy of the Zurich Policies (Exhibits "1", "2", "3", "4" and

13   "5", respectively) will be lodged with the Court.

14           14.    Morrison Homes is a named insured on the Zurich Policies.

15           15.    The Zurich Policies provide coverage for those sums the insured becomes

16   legally obligated to pay as damages because of, *inter alia*, property damage to which the insurance

17   applies.

18           16.    The Products-Completed Operations Limit of Insurance under each Zurich

19   Policy is $1,000,000 each occurrence and in the aggregate.  The Zurich Policies define "occurrence"

20   as follows:

21           "[A]n accident, including continuous or repeated exposure to

22           substantially the same general harmful conditions."

23

24

25

26

27

28

.W OFFICES OF
X, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

17.    The Zurich Policies define "property damage" as follows:

"a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

### *The Continental Primary Insurance Policies*

18.    Defendant Continental issued, *inter alia*, two (2) separate commercial general liability insurance policies with the policy numbers and for the policy periods set forth below:

| Policy Number | Policy Period |
|---|---|
| RHL 951 5957 | November 1, 1992 - November 1, 1993 |
| CLP 999 4893-94 | November 1, 1993 - November 1, 1994 |

The aforementioned insurance policies are hereafter collectively referred to as the "Continental Policies" and are incorporated by this reference.  A copy of a certificate of insurance evidencing the 1992-1993 Continental Policy and a copy of the declarations of the 1993-1994 Continental Policy and a specimen policy form (Exhibit "6" and Exhibit "7", respectively) will be lodged with the Court. Plaintiff is informed and believes and based thereon alleges that the 1992-1993 Continental Policy contains insuring agreements and terms and other conditions substantially identical to those contained in the 1993-1994 Continental Policy.  Plaintiff will lodge with the·Court as Exhibit "8" a copy of the 1992-1993 Continental Policy when Plaintiff has obtained a copy of such policy.

19.    Morrison Homes is a named insured on the Continental Policies.

20.    Plaintiff is informed and believes and based thereon alleges that the Continental Policies provide coverage for those sums the insured becomes legally obligated to pay as damages because of, *inter alia*, property damage to which the insurance applies.

21.    Plaintiff is informed and believes and based thereon alleges that the Products-Completed Operations Limit of Insurance under each Continental Policy is $1,000,000 each

/ OFFICES OF
K, CASTLE &
HOLSON LLP
ANGELES, CA
60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   occurrence and in the aggregate.  Plaintiff is informed and believes and based thereon alleges that the

2   Continental Policies define "occurrence" as follows:

3          "[A]n accident, including continuous or repeated exposure to

4          substantially the same general harmful conditions."

5        22.    Plaintiff is informed and believes and based thereon alleges that the Continental

6   Policies define "property damage" as follows:

7          "a.    Physical injury to tangible property, including all

8          resulting loss of use of that property.  All such loss of use shall

9          be deemed to occur at the time of the physical injury that caused

10         it; or

11         b.    Loss of use of tangible property that is not physically

12         injured.  All such loss of use shall be deemed to occur at the

13         time of the 'occurrence' that caused it."

14             ***The National Union Primary Insurance Policies***

15       23.    Defendant National Union issued two (2) separate primary commercial general

16  liability insurance policies with the policy numbers and for the policy periods set forth below:

17       **Policy Number**            **Policy Period**

18       GL 817-59-47 RA         November 1, 1994 - November 1, 1995

19       GL 817-59-57            November 1, 1995 - November 1, 1996

20  The aforementioned insurance policies are hereafter collectively referred to as the "National Union

21  Primary Policies" and are incorporated by this reference.  A copy of the National Union Primary

22  Policies (Exhibits "9" and "10", respectively) will be lodged with the Court.

23       24.    Morrison Homes is a named insured on the National Union Primary Policies.

24       25.    The National Union Primary Policies provide coverage for those sums the

25  Insured becomes legally obligated to pay as damages because of, *inter alia*, property damage to which

26  the insurance applies.

27

28

.W OFFICES OF
OX, CASTLE &
ICHOLSON LLP
IS ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

26.     The Products-Completed Operations Limit of Insurance under each National Union Primary Policy is $1,000,000 each occurrence and in the aggregate.  The National Union Primary Policies define "occurrence" as follows:

> "[A]n accident including continuous or repeated exposure to substantially the same general harmful conditions."

27.     The National Union Primary Policies define "property damage" as follows:

> "a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

### *The National Union Umbrella Insurance Policies*

28.     Defendant National Union issued five (5) separate commercial umbrella liability insurance policies with the policy numbers and for the policy periods set forth below:

| Policy Number | Policy Period |
| --- | --- |
| BE 309-72-23 | November 1, 1994 – November 1, 1995 |
| BE 310-25-42 | November 1, 1995 – November 1, 1996 |
| BE 932-41-49 | November 1, 1996 – November 1, 1997 |
| BE 357-14-77 | November 1, 1997 – November 1, 1998 |
| BE 357-54-21 | November 1, 1998 – November 1, 1999 |

The aforementioned insurance policies are hereafter collectively referred to as the "National Union Umbrella Policies" and are incorporated by this reference.  A copy of the 1995-1996, 1996-1997, 1997-1998 and 1998-1999 National Union Umbrella Policies (Exhibits "12", "13", "14" and "15", respectively) will be lodged with the Court.  Plaintiff is informed and believes and based thereon alleges that the 1994-1995 National Union Umbrella Policy contains insuring agreements and other terms and conditions substantially identical to those contained in the 1995-1996 National Union

W OFFICES OF
JX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   Umbrella Policy.  Plaintiff will lodge with the Court as Exhibit "11" a copy of the 1994-1995 National

2   Union Umbrella Policy when Plaintiff has obtained a copy of such policy.

3       29.   Morrison Homes is the first named insured on the National Union Umbrella

4   Policies.

5       30.   The National Union Umbrella Policies provide coverage for, *inter alia*:

6   "[T]hose sums in excess of the Retained Limit that the Insured becomes

7   legally obligated to pay by reason of liability imposed by law or

8   assumed by the Insured under an Insured Contract because of Bodily

9   Injury, Property Damage, Personal Injury or Advertising Injury that

10   takes place during the Policy Period and is caused by an Occurrence

11   happening anywhere in the world."

12       31.   Plaintiff is informed and believes and based thereon alleges that the Products-

13   Completed Operations Limit of Insurance under the 1994-1995 National Union Umbrella Policy is

14   $19,000,000 each occurrence and in the aggregate.  The Products-Completed Operations Limit of

15   Insurance under the 1995-1996 National Union Umbrella Policy is $19,000,000 each occurrence and

16   in the aggregate. The Products-Completed Operations Limit of Insurance under the 1996-1997, 1997-

17   1998 and 1998-1999  National Union Umbrella Policies is $4,000,000 each occurrence and in the

18   aggregate.  The National Union Umbrella Policies define "occurrence" in pertinent part as:

19   "As respects Bodily Injury or Property Damage, an accident, including

20   continuous or repeated exposure to conditions, which results in Bodily

21   Injury or Property Damage neither expected nor intended from the

22   standpoint of the Insured.  All such exposure to substantially the same

23   general conditions shall be considered as arising out of one Occurrence;

24   . . . ."

25       32.   The National Union Umbrella Policies define "property damage" as follows:

26   "1.   Physical injury to tangible property, including all

27   resulting loss of use of that property.  All such loss of use shall

28

W OFFICES OF
JX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

- 9 -

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1    be deemed to occur at the time of the physical injury that caused

2    it; or

3         2.    Loss of use of tangible property that is not physically

4    injured.  All such loss of use shall be deemed to occur at the

5    time of the Occurrence that caused it."

6    33.    The National Union Umbrella Policies define "Retained Limit" in pertinent part

7 as follows:

8         "Retained Limit

9    We will be liable only for that portion of damages in excess of the

10   Insured's Retained Limit which is defined as the greater of either:

11        1.    The total of the applicable limits of the underlying policies listed

12   in the Schedule of Underlying Insurance and the applicable limits of any

13   other underlying insurance providing coverage to the Insured; or

14        2.    The amount stated in the Declarations as Self Insured Retention

15   as a result of any one Occurrence not covered by the underlying policies

16   listed in the Schedule of Underlying Insurance nor by any other

17   underlying insurance providing coverage to the Insured; . . . ."

18            ***The AISLIC Umbrella Insurance Policy***

19   34.    Defendant AISLIC issued a commercial umbrella liability insurance policy with

20 the following policy number and for the policy period set forth below:

21        **Policy Number**                    **Policy Period**

22        BE 267-01-88              November 1, 1999 – November 1, 2000

23 The aforementioned insurance policy is hereafter referred to as the "AISLIC Umbrella Policy" and is

24 incorporated by this reference.  A copy of the AISLIC Umbrella Policy (Exhibit "16") will be lodged

25 with the Court.

26   35.    Morrison Homes is the first named insured on the AISLIC Umbrella Policy.

27   36.    The AISLIC Umbrella Policy provides coverage for, *inter alia*:

28

/ OFFICES OF
X, CASTLE &
HOLSON LLP
ANGELES, CA

60165\1445178v6

- 10 -
THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

"[T]hose sums in excess of the Retained Limit that the Insured becomes legally obligated to pay by reason of liability imposed by law or assumed by the insured under an Insured Contract because of Bodily Injury, Property Damage, Personal Injury or Advertising Injury that takes place during the Policy Period and is caused by an Occurrence happening anywhere in the world."

37.     The Products-Completed Operations Limit of Insurance under the AISLIC Umbrella Policy is $4,000,000 each occurrence and in the aggregate.  The AISLIC Umbrella Policy defines "occurrence" in pertinent part as follows:

"As respects Bodily Injury or Property Damage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the Insured. In the event of continuing or progressively deteriorating damage over any length of time, such damage shall be deemed to be one Occurrence and shall be deemed to occur only when such damage first commences."

38.     The AISLIC Umbrella Policy defines "property damage" as follows:

"1.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the Occurrence that caused it."

39.     The AISLIC Umbrella Policy defines "Retained Limit" in pertinent part as follows:

"Retained Limit

W OFFICES OF
X, CASTLE &
CHOLSON LLP
; ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   We will be liable only for that portion of damages in excess of the

2   Insured's Retained Limit which is defined as the greater of either:

3   1.      The total of the applicable limits of the underlying policies listed

4   in the Schedule of Underlying Insurance and the applicable limits of any

5   other underlying insurance providing coverage to the Insured; or

6   2.      The amount stated in the Declarations as Self Insured Retention

7   as a result of any one Occurrence not covered by the underlying policies

8   listed in the Schedule of Underlying Insurance nor by any other

9   underlying insurance providing coverage to the Insured; . . . ."

10                      ***The Markel Umbrella Insurance Policy***

11      40.     Defendant Markel issued a commercial umbrella liability insurance policy with

12   the following policy number and for the policy period set forth below:

13          **Policy Number**                         **Policy Period**

14      CU-NJ-2181-00                 November 1, 2000 – November 8, 2001

15      41.     The aforementioned insurance policy is hereafter referred to as the "Markel

16   Umbrella Policy" and is incorporated by this reference.  A copy of the Markel Umbrella Policy

17   (Exhibit "17") will be lodged with the Court.

18      42.     Morrison Homes is the first named insured on the Markel Umbrella Policy.

19      43.     The Markel Umbrella Policy provides coverage for, *inter alia*:

20   "[T]hat portion of 'ultimate net loss' in excess of the 'retained limit'

21   because of 'bodily injury' or 'property damage' to which this insurance

22   applies, but only up to the Limits of Insurance stated in Item 3. of the

23   Declarations."

24      44.     The Products-Completed Operations Limit of Liability under the Markel

25   Umbrella Policy is $4,000,000 each occurrence and in the aggregate.

26      45.     The Markel Umbrella Policy defines "ultimate net loss" in pertinent part as:

27

28

W OFFICES OF
JX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

"[T]he total amount of damages for which the insured is legally liable in payment of 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury.'"

46.     The Markel Umbrella Policy defines "retained limit" as follows:

"'Retained limit' means the greater of:

a.     That amount of 'underlying insurance' applicable to a 'claim' or 'suit,' whether such 'underlying insurance' is collectible or not; or

b.     The amount of 'self-insured retention' as shown in Item 3.(E) of the Declarations of this policy for 'claims' or 'suits' not covered by applicable 'underlying insurance.'"

47.     The Markel Umbrella Policy defines "occurrence" in pertinent part as follows:

"'Occurrence' means:

a.     With respect to 'bodily injury' or 'property damage' liability, an accident, including continuous or repeated exposure to substantially the same general harmful conditions; . . ."

48.     The Markel Umbrella Policy defines "property damage" as follows:

"'Property damage' means:  (a) physical injury to tangible property, including all resulting loss of use of that property; or (b) Loss of use of tangible property that is not physically injured or destroyed."

### The 2001-2002 Excess Insurance Policy

49.     Defendant New Hampshire and Defendant ACE issued a commercial excess liability insurance policy with the following policy number and for the policy period set forth below:

| Policy Number | Policy Period |
| --- | --- |
| 32007891-01/ KL 0102599 | November 1, 2001 – October 31, 2002 |

50.     The aforementioned insurance policy is hereafter referred to as the "2001-2002 Excess Policy" and is incorporated by this reference.  A copy of the 2001-2002 Excess Policy (Exhibit "18") will be lodged with the Court.

51.     As a subsidiary of George Wimpey Plc (the first named insured), Morrison

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1  Homes is an insured on the 2001-2002 Excess Policy.

2         52.     The 2001-2002 Excess Policy follows the form of the 2000-2001 Zurich Policy.

3         53.     The Limits of Indemnity under the 2001-2002 Excess Policy are the difference

4  between £20,000,000 any one occurrence and the limits stated in the Schedule of Underlying

5  Insurances in the 2001-2002 Excess Policy.

6         54.     Upon information and belief, Defendant Chartis UK and Defendant ACE

7  European have assumed the rights and liabilities of insurers under the 2001-2002 Excess Policy.

8  ### *The 2000-2001 Excess Insurance Policy*

9         55.     Plaintiff is informed and believes and based thereon alleges that some or all of

10  Does 1 through 10, inclusive, issued a commercial excess and/or umbrella liability insurance policy

11  number KL 0002828 for policy period November 1, 2000 through October 31, 2001 insuring, *inter*

12  *alia*, Morrison Homes.  The above-mentioned insurance policy is hereafter referenced to as the "2000-

13  2001 Excess Policy" and is incorporated by this reference.  Plaintiff is informed and believes and

14  based thereon alleges that the 2000-2001 Excess Policy contains insuring agreements and other terms

15  and conditions substantially identical to those contained in the 2001-2002 Excess Policy.  Plaintiff will

16  lodge with the Court as Exhibit "19" a copy of the 2000-20001 Excess Policy when Plaintiff has

17  obtained a copy of such policy.

18  ### *The Underlying Rosa Action*

19         56.     Morrison Homes is a named defendant in that certain construction defect action

20  entitled *Nicky Rosa, et al. v. Morrison Homes, Inc., et al.*, Stanislaus, California County Superior

21  Court Case No. 373059 (the "Rosa Action").  A copy of the first amended class action complaint filed

22  on April 26, 2006 (the Rosa Plaintiffs' operative complaint) (Exhibit "20") will be lodged with the

23  Court for reference only.  Plaintiff provided timely notice to Defendants, and each and all of them, of

24  the Rosa Action.

25

26

27

28

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1    57.    Plaintiff is informed and believes and based thereon alleges that 437 separate

2    single-family homes are involved in the Rosa Action.  Plaintiff is further informed and believes and

3    based thereon alleges that the Rosa Plaintiffs seek damages because of "property damage" in excess of

4    $200,000 per home or more than $87,400,000, a sum far in excess of the remaining limits under the

5    Continental Policies, the National Union Primary Policies, the Zurich Policies and the commercial

6    general liability insurance policy issued for policy period November 1, 1996 to November 1, 1997

7    (policy no. GLP 80800134) by non-party Gerling America Insurance Company.

8    58.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "damages because of

9    'property damage'" within the meaning of the Zurich Policies, and further allege that their purported

10   damages are of a continuing and/or progressive nature.  The Rosa Action triggers coverage under each

11   and all of the five (5) Zurich Policies.

12   59.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "damages because of

13   'property damage'" within the meaning of the Continental Policies, and further allege that their

14   purported damages are of a continuing and/or progressive nature.  The Rosa Action triggers coverage

15   under both of the two (2) Continental Policies.

16   60.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "damages because of

17   'property damage'" within the meaning of the National Union Primary Policies, and further allege that

18   their purported damages are of a continuing and/or progressive nature.  The Rosa Action triggers

19   coverage under both of the two (2) National Union Primary Policies.

20   61.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "sums in excess of the

21   Retained Limit" that Morrison Homes shall become legally obligated to pay "by reason of liability

22   imposed by law . . . because of . . . Property Damage" within the meaning of the National Union

23   Umbrella Policies and the AISLIC Umbrella Policy, and further allege that their purported damages

24   are of a continuing and/or progressive nature.  The Rosa Action triggers coverage under each and all

25   of the National Union Umbrella Policies and the AISLIC Umbrella Policy.

26   62.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "ultimate net loss" in

27   excess of the "Retained Limit" because of "property damage" within the meaning of the Markel

28   Umbrella Policy, and further allege that their purported damages are of a continuing and/or

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1  progressive nature. The Rosa Action triggers coverage under the Markel Umbrella Policy.

2        63.    In the Rosa Action, the Rosa Plaintiffs allege, *inter alia*, "damages because of

3  'property damage'" within the meaning of the 2001-2002 Excess Policy and the 2000-2001 Excess

4  Policy, and further allege that their purported damages are of a continuing and/or progressive nature.

5  The Rosa Action triggers coverage under the 2001-2002 Excess Policy and the 2000-2001 Excess

6  Policy.

7  ### *Applicable Law*

8        64.    Each and all of the Defendants' insurance policies are to be performed in

9  California. Accordingly, California law applies.

10  ### *The Zurich Claim Series Endorsement*

11        65.    Defendant Zurich asserts that the 1997-1998, 1998-1999, 1999-2000 and 2000-

12  2001 Zurich Policies include an endorsement entitled "Claim Series Endorsement" (the "Claim Series

13  Endorsement"), which provides:

14                "CLAIM SERIES ENDORSEMENT

15    1.    In consideration of premium charged, it is agreed that 'bodily

16          injury' or 'property damage' arising from any series of claims or

17          'suits' as a result of a common cause or condition of 'your

18          products' or 'your work' shall be deemed to be one 'occurrence',

19          regardless of the number of insureds, claims made, or 'suits'

20          brought, or the number of persons or organizations making

21          claims or bringing 'suits'. All claims or 'suits' for damages

22          from such 'common cause or condition' shall be deemed to have

23          been made at the first of those claims or 'suits' is made against

24          any insured.

25    2.    Subject to the Products-Completed Operations Aggregate Limit

26          of this policy, our liability for all damages arising out of an

27          'occurrence' as described in paragraph 1. (above) shall not

28

OFFICES OF
, CASTLE &
HOLSON LLP
ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1    exceed the Each Occurrence Limit of liability as stated on the

2    Declarations page of this policy.

3        3.    The following definition applies:

4            'Common Cause or Condition' means arising from the same or

5            similar design error or defect, manufacturing defect, or failure

6            by the insured to warn of the same or similar potential hazard in

7            or of 'your products' or 'your work'."

8        66.    Plaintiff is informed and believes and based thereon alleges that Defendant

9    Zurich interprets and intends to apply the Claim Series Endorsement so that only one (1) of the five

10    (5) Zurich Policies is obligated to indemnify Plaintiff in the Rosa Action.  Plaintiff contends that

11    notwithstanding the Claim Series Endorsement, each and all of the five (5) Zurich Policies are

12    obligated to indemnify Plaintiff in the Rosa Action.

13                    *The Umbrella Insurer Defendants' Coverage Positions*

14        67.    Plaintiff is informed and believes and based thereon alleges that Defendant

15    National Union, Defendant AISLIC and Defendant Markel assert that their umbrella liability

16    insurance policies are not obligated to indemnify Plaintiff in the Rosa Action so long as there is any

17    unexhausted primary liability insurance coverage for the Rosa Action.  Plaintiff contends that each

18    and all of the National Union Umbrella Policies, the AISLIC Umbrella Policy and the Markel

19    Umbrella Policy are obligated to indemnify Plaintiff in the Rosa Action pursuant to the provisions of

20    such umbrella policies and in the context of the applicability of, and the coverage provided by, the

21    underlying primary policies.

22                    *Anticipatory Breach Of The National Union Primary And*

23                    *Umbrella Policies And Of The AISLIC Umbrella Policy*

24        68.    On March 15, 2010, Defendant National Union and Defendant AISLIC filed

25    that certain action entitled *National Union Fire Insurance Company of Pittsburgh, PA; Chartis*

26    *Specialty Insurance Company, formally known as American International Specialty Lines Insurance*

27    *Company vs. Morrison Homes, Inc.,* Civil Action File No. 1 10-CV-0757 in the United States District

28    Court for the Northern District of Georgia (Atlanta Division) (the "National Union/Chartis

V OFFICES OF
X, CASTLE &
HOLSON LLP
ANGELES, CA

- 17 -
THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1  Declaratory Judgment Action"). A copy of the complaint in the National Union/Chartis Declaratory

2  Judgment Action (Exhibit "21") will be lodged with the Court and is incorporated by this reference for

3  reference only.

4        69.    In the National Union/Chartis Declaratory Judgment Action, Defendant

5  National Union seeks a declaratory judgment that it had and has no duty to defend Plaintiff and had

6  and has no duty to indemnify Plaintiff in connection with the Rosa Action under the 1995-1996

7  National Union Primary Policy. Plaintiff is informed and believes and based thereon alleges that

8  Defendant National Union's coverage position is the same with respect to the 1994-1995 National

9  Union Primary Policy.

10        70.    In the National Union/Chartis Declaratory Judgment Action, Defendant

11  National Union and Defendant AISLIC also seek a declaratory judgment that they had and have no

12  duty to indemnify Plaintiff in connection with the Rosa Action under the 1995-1996, 1996-1997,

13  1997-1998 and 1998-1999 National Union Umbrella Policies and under the 1999-2000 AISLIC

14  Umbrella Policy. Plaintiff is informed and believes and based thereon alleges that Defendant National

15  Union's coverage position is the same with respect to the 1994-1995 National Union Umbrella Policy.

16  ### *Anticipatory Breach Of The Zurich Policies*

17  ### *And Of The Markel Umbrella Policy*

18        71.    On March 19, 2010, Defendant Zurich and Defendant Markel filed that certain

19  action entitled *Markel American Insurance Company and Zurich American Insurance Company v.*

20  *Taylor Morrison Services, Inc., etc.*, Civil Action File No. 1 10-CV-0793 in the United States District

21  Court for the Northern District of Georgia (Atlanta Division) (the "Markel/Zurich Declaratory

22  Judgment Action"). A copy of the complaint in the Markel/Zurich Declaratory Judgment Action

23  (Exhibit "22") will be lodged with the Court and is incorporated by this reference for reference only.

24        72.    In the Markel/Zurich Declaratory Judgment Action, Defendant Markel seeks a

25  declaratory judgment that it had and has no duty to defend Plaintiff and had and has no duty to

26  indemnify Plaintiff in connection with the Rosa Action under the Markel Umbrella Policy.

27        73.    In the Markel/Zurich Declaratory Judgment Action, Defendant Zurich seeks a

28  declaratory judgment that it had and has no duty to defend and had and has no duty to indemnify

OFFICES OF
, CASTLE &
HOLSON LLP
ANGELES, CA

60165\1445178v6

- 18 -

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1    Plaintiff in connection with the Rosa Action under the Zurich Policies.

2                    **FIRST CAUSE OF ACTION**

3    **DECLARATORY RELIEF – CLAIM SERIES ENDORSEMENT IS INAPPLICABLE**

4                    **(Against Defendant Zurich)**

5            74.     Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

6    forth herein.

7            75.     An actual controversy has arisen and now exists between Plaintiff, on the one

8    hand, and Defendant Zurich, on the other hand, with regard to Defendant Zurich's indemnity

9    obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based

10   thereon alleges that Defendant Zurich denies, that the Claim Series Endorsement is inapplicable to the

11   Rosa Action and does not allow Defendant Zurich to exclude from coverage its indemnity obligations

12   under four (4) of the five (5) Zurich Policies.

13           76.     Plaintiff desires a judicial determination and declaration of the parties'

14   respective rights and duties under the Zurich Policies, and specifically a judicial determination and

15   declaration that the Claim Series Endorsement is inapplicable to the Rosa Action and does not allow

16   Defendant Zurich to exclude from coverage its indemnity obligations under four (4) of the five (5)

17   Zurich Policies.

18           77.     A judicial declaration of the rights, duties and obligations of the parties is

19   necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

20   and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

21                   **SECOND CAUSE OF ACTION**

22   **DECLARATORY RELIEF – CLAIM SERIES ENDORSEMENT IS UNENFORCEABLE**

23                   **(Against Defendant Zurich)**

24           78.     Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

25   forth herein.

26           79.     An actual controversy has arisen and now exists between Plaintiff, on the one

27   hand, and Defendant Zurich, on the other hand, with regard to Defendant Zurich's indemnity

28   obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based

W OFFICES OF
OX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

- 19 -

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   thereon alleges that Defendant Zurich denies, that the Claim Series Endorsement is unenforceable in

2   connection with the Rosa Action and does not allow Defendant Zurich to exclude from coverage its

3   indemnity obligations to Plaintiff under four (4) of the five (5) Zurich Policies.

4         80.    Plaintiff desires a judicial determination and declaration of the parties'

5   respective rights and duties under the Zurich Policies, and specifically a judicial determination and

6   declaration that the Claim Series Endorsement is unenforceable in connection with the Rosa Action

7   and does not allow Defendant Zurich to exclude from coverage its indemnity obligations under four

8   (4) of the five (5) Zurich Policies.

9         81.    A judicial declaration of the rights, duties and obligations of the parties is

10   necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

11   and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

**THIRD CAUSE OF ACTION**

**DECLARATORY OF RELIEF – DUTY TO INDEMNIFY**

**(Against Defendant Zurich)**

15         82.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

16   forth herein.

17         83.    An actual controversy has arisen and now exists between Plaintiff, on the one

18   hand, and Defendant Zurich, on the other hand, with regard to Defendant Zurich's indemnity

19   obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based

20   thereon alleges that Defendant Zurich denies, that Defendant Zurich is obligated to indemnify Plaintiff

21   in the Rosa Action under each and all of the Zurich Policies.

22         84.    Plaintiff desires a judicial determination and declaration of the parties'

23   respective rights and duties under the Zurich Policies, and specifically a judicial determination and

24   declaration that Defendant Zurich is obligated to indemnify Plaintiff in the Rosa Action under each

25   and all of the Zurich Policies.

26         85.    A judicial declaration of the rights, duties and obligations of the parties is

27   necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

28   and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

**FOURTH CAUSE OF ACTION**

**BREACH OF WRITTEN INSURANCE CONTRACTS – ANTICIPATORY BREACH**

**(Against Defendant Zurich)**

86.　　Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

87.　　By its coverage positions, including, without limitation, in the Markel/Zurich Declaratory Judgment Action, Defendant Zurich has breached and repudiated the Zurich Policies, including, without limitation, Defendant Zurich's duty to indemnify Plaintiff under the policies. The repudiation by Defendant Zurich has not been retracted.

88.　　Plaintiff has performed its obligations under the Zurich Policies, including, without limitation, payment of the premiums due, and is ready, willing and able to perform any and all unperformed obligations or acts on its part (if any) under each and all such policies.

89.　　As a direct and proximate result of Defendant Zurich's breach of the Zurich Policies, Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of this Court.

**FIFTH CAUSE OF ACTION**

**DECLARATORY OF RELIEF – DUTY TO INDEMNIFY**

**(Against Defendant Continental)**

90.　　Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

91.　　An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant Continental, on the other hand, with regard to Defendant Continental's indemnity obligations to Plaintiff in the Rosa Action. Plaintiff contends, and is informed and believes and based thereon alleges that Defendant Continental denies, that Defendant Continental is obligated to indemnify Plaintiff in the Rosa Action under both of the Continental Policies.

92.　　Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties under the Continental Policies, and specifically a judicial determination and declaration that Defendant Continental is obligated to indemnify Plaintiff in the Rosa Action

W OFFICES OF
OX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1  under both of the Continental Policies.

2       93.    A judicial declaration of the rights, duties and obligations of the parties is

3  necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

4  and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

5                          **SIXTH CAUSE OF ACTION**

6            **DECLARATORY RELIEF – DUTY TO INDEMNIFY**

7             **(Against Defendant National Union – Primary Policies)**

8       94.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

9  forth herein.

10      95.    An actual controversy has arisen and now exists between Plaintiff, on the one

11  hand, and Defendant National Union, on the other hand, with regard to Defendant National Union's

12  indemnity obligations to Plaintiff in the Rosa Action under the National Union Primary Policies.

13  Plaintiff contends, and is informed and believes and based thereon alleges that Defendant National

14  Union denies, that Defendant National Union is obligated to indemnify Plaintiff in the Rosa Action

15  under both of the National Union Primary Policies.

16      96.    Plaintiff desires a judicial determination and declaration of the parties'

17  respective rights and duties under the National Union Primary Policies, and specifically a judicial

18  determination and declaration that Defendant National Union is obligated to indemnify Plaintiff in the

19  Rosa Action under both of the National Union Primary Policies.

20      97.    A judicial declaration of the rights, duties and obligations of the parties is

21  necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

22  and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

23                       **SEVENTH CAUSE OF ACTION**

24           **DECLARATORY RELIEF – DUTY TO INDEMNIFY**

25            **(Against Defendant National Union – Umbrella Policies)**

26      98.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

27  forth herein.

28      99.    An actual controversy has arisen and now exists between Plaintiff, on the one

/ OFFICES OF
K, CASTLE &
HOLSON LLP
ANGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1  hand, and Defendant National Union, on the other hand, with regard to Defendant National Union's

2  indemnity obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes

3  and based thereon alleges that Defendant National Union denies, that Defendant National Union is

4  obligated to indemnify Plaintiff in the Rosa Action under each and all of the National Union Umbrella

5  Policies.

6          100.    Plaintiff desires a judicial determination and declaration of the parties'

7  respective rights and duties under the National Union Umbrella Policies, and specifically a judicial

8  determination and declaration that Defendant National Union is obligated to indemnify Plaintiff in the

9  Rosa Action under each and all of the National Union Umbrella Policies.

10         101.    A judicial declaration of the rights, duties and obligations of the parties is

11  necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law;

12  and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

## EIGHTH CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

### (Against Defendant AISLIC)

16         102.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

17  forth herein.

18         103.    An actual controversy has arisen and now exists between Plaintiff, on the one

19  hand, and Defendant AISLIC, on the other hand, with regard to Defendant AISLIC's indemnity

20  obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based

21  thereon alleges that Defendant AISLIC denies, that Defendant AISLIC is obligated to indemnify

22  Plaintiff in the Rosa Action under the AISLIC Umbrella Policy.

23         104.    Plaintiff desires a judicial determination and declaration of the parties'

24  respective rights and duties under the AISLIC Umbrella Policy, and specifically a judicial

25  determination and declaration that Defendant AISLIC is obligated to indemnify Plaintiff in the Rosa

26  Action under the AISLIC Umbrella Policy.

27         105.    A judicial declaration of the rights, duties and obligations of the parties is

28  necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

OFFICES OF
C. CASTLE &
HOLSON LLP
ANGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1    and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

2                              **NINTH CAUSE OF ACTION**

3    **BREACH OF WRITTEN INSURANCE CONTRACTS – ANTICIPATORY BREACH**

4                    **(Against Defendant National Union – Primary Policies)**

5                106.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

6    forth herein.

7                107.    By its coverage positions, including, without limitation, in the National

8    Union/Chartis Declaratory Judgment Action, Defendant National Union has breached and repudiated

9    the 1994-1995 and 1995-1996 National Union Primary Policies, including, without limitation, the

10    defendant insurer's duty to indemnify Plaintiff under the policies.  The repudiation by Defendant

11    National Union has not been retracted.

12                108.    Plaintiff has performed its obligations under the National Union Primary

13    Policies, including, without limitation, payment of the premiums due, and is ready, willing and able to

14    perform any and all unperformed obligations or acts on its part (if any) under both such policies.

15                109.    As a direct and proximate result of Defendant National Union's breach of the

16    1994-1995 and 1995-1996 National Union Primary Policies, Plaintiff has been damaged in an amount

17    in excess of the jurisdictional minimum of this Court.

18                              **TENTH CAUSE OF ACTION**

19    **BREACH OF WRITTEN INSURANCE CONTRACTS – ANTICIPATORY BREACH**

20                    **(Against Defendant National Union – Umbrella Policies)**

21                110.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

22    forth herein.

23                111.    By its coverage positions, including, without limitation, in the National

24    Union/Chartis Declaratory Judgment Action, Defendant National Union has breached and repudiated

25    the 1994-1995, 1995-1996, 1996-1997, 1997-1998 and 1998-1999 National Union Umbrella Policies,

26    including, without limitation, the defendant insurer's duty to indemnify Plaintiff under the policies.

27    The repudiation by Defendant National Union has not been retracted.

28                112.    Plaintiff has performed its obligations under the National Union Umbrella

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   Policies, including, without limitation, payment of the premiums due, and is ready, willing and able to

2   perform any and all unperformed obligations or acts on its part (if any) under each and all such

3   policies.

4         113.    As a direct and proximate result of Defendant National Union's breach of the

5   1994-1995, 1995-1996, 1996-1997, 1997-1998 and 1998-1999 National Union Umbrella Policies,

6   Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of this Court.

7   **ELEVENTH CAUSE OF ACTION**

8   **BREACH OF WRITTEN INSURANCE CONTRACT – ANTICIPATORY BREACH**

9   **(Against Defendant AISLIC)**

10        114.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

11  forth herein.

12        115.    By its coverage positions, including, without limitation, in the National

13  Union/Chartis Declaratory Judgment Action, Defendant AISLIC has breached and repudiated the

14  1999-2000 AISLIC Umbrella Policy, including, without limitation, the defendant insurer's duty to

15  indemnify Plaintiff under the policy.  The repudiation by Defendant AISLIC has not been retracted.

16        116.    Plaintiff has performed its obligations under the AISLIC Umbrella Policy,

17  including, without limitation, payment of the premiums due, and is ready, willing and able to perform

18  any and all unperformed obligations or acts on its part (if any) under such policy.

19        117.    As a direct and proximate result of Defendant AISLIC's breach of the 1999-

20  2000 AISLIC Umbrella Policy, Plaintiff has been damaged in an amount in excess of the jurisdictional

21  minimum of this Court.

22  **TWELFTH CAUSE OF ACTION**

23  **DECLARATORY RELIEF – DUTY TO INDEMNIFY**

24  **(Against Defendant Markel)**

25        118.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

26  forth herein.

27        119.    An actual controversy has arisen and now exists between Plaintiff, on the one

28  hand, and Defendant Markel, on the other hand, with regard to Defendant Markel's indemnity

W OFFICES OF
JX, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

- 25 -

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1   obligations to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based

2   thereon alleges that Defendant Markel denies, that Defendant Markel is obligated to indemnify

3   Plaintiff in the Rosa Action under the Markel Umbrella Policy.

4          120.    Plaintiff desires a judicial determination and declaration of the parties'

5   respective rights and duties under the Markel Umbrella Policy, and specifically a judicial

6   determination and declaration that Defendant Markel is obligated to indemnify Plaintiff in the Rosa

7   Action under the Markel Umbrella Policy.

8          121.    A judicial declaration of the rights, duties and obligations of the parties is

9   necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

10  and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

11  **THIRTEENTH CAUSE OF ACTION**

12  **BREACH OF WRITTEN INSURANCE CONTRACT – ANTICIPATORY BREACH**

13  **(Against Defendant Markel)**

14         122.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set

15  forth herein.

16         123.    By its coverage positions, including, without limitation, in the Markel/Zurich

17  Declaratory Judgment Action, Defendant Markel has breached and repudiated the Markel Umbrella

18  Policy, including, without limitation, Defendant Markel's duty to indemnify Plaintiff under the policy.

19  The repudiation by Defendant Markel has not been retracted.

20         124.    Plaintiff has performed its obligations under the Markel Umbrella Policy,

21  including, without limitation, payment of the premiums due, and is ready, willing and able to perform

22  any and all unperformed obligations or acts on its part (if any) under such policy.

23         125.    As a direct and proximate result of Defendant Markel's breach of the Markel

24  Umbrella Policy, Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of

25  this Court.

26

27

28

W OFFICES OF
)X, CASTLE &
CHOLSON LLP
S ANGELES, CA

60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

## FOURTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

### (Against Defendants New Hampshire and ACE)

126.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

127.    An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants New Hampshire and ACE, on the other hand, with regard to the indemnity obligations of Defendants New Hampshire and ACE to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based thereon alleges that Defendants New Hampshire and ACE deny, that Defendants New Hampshire and ACE are obligated to indemnify Plaintiff in the Rosa Action under the 2001-2002 Excess Policy.

128.    Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties under the 2001-2002 Excess Policy, and specifically a judicial determination and declaration that Defendants New Hampshire and ACE are obligated to indemnify Plaintiff in the Rosa Action under the 2001-2002 Excess Policy.

129.    A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

## FIFTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

### (Against Defendants Chartis UK and ACE European)

130.    Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

' OFFICES OF
', CASTLE &
HOLSON LLP
ANGELES, CA
60165\1445178v6

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

131.   An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants Chartis UK and ACE European, on the other hand, with regard to the indemnity obligations of Defendants Chartis UK and ACE European to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based thereon alleges that Defendants Chartis UK and ACE European deny that Defendants Chartis UK and ACE European are obligated to indemnify Plaintiff in the Rosa Action under the 2001-2002 Excess Policy.

132.   Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties under the 2001-2002 Excess Policy, and specifically a judicial determination and declaration that Defendants Chartis UK and ACE European are obligated to indemnify Plaintiff in the Rosa Action under the 2001-2002 Excess Policy.

133.   A judicial declaration of the rights, duties and obligations of the parties is necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

## SIXTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

### (Against Doe Defendants 1 through 10, Inclusive)

134.   Plaintiff re-alleges paragraphs 1 through 73 of this Complaint as if fully set forth herein.

135.   An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Doe Defendants 1 through 10, inclusive, on the other hand, with regard to the indemnity obligations of Doe Defendants 1 through 10, inclusive, to Plaintiff in the Rosa Action.  Plaintiff contends, and is informed and believes and based thereon alleges that Doe Defendants 1 through 10, inclusive, deny, that Doe Defendants 1 through 10, inclusive, are obligated to indemnify Plaintiff in the Rosa Action under the 2000-2001 Excess Policy.

136.   Plaintiff desires a judicial determination and declaration of the parties' respective rights and duties under the 2000-2001 Excess Policy, and specifically a judicial determination and declaration that Doe Defendants 1 through 10, inclusive, are obligated to indemnify Plaintiff in the Rosa Action under the 2000-2001 Excess Policy.

OFFICES OF
, CASTLE &
IOLSON LLP
.NGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1        137.   A judicial declaration of the rights, duties and obligations of the parties is

2  necessary and appropriate at this time in that Plaintiff has no plain, speedy or adequate remedy at law,

3  and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

4                               **PRAYER FOR RELIEF**

5      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

6       A.     As to the First Cause of Action for Declaratory Relief (Zurich Claim Series

7  Endorsement Is Inapplicable), for a judicial determination of the rights and obligations of the parties

8  under the Zurich Policies with respect to the Rosa Action and specifically a determination that the

9  Claim Series Endorsement is inapplicable to the Rosa Action;

10       B.     As to the Second Cause of Action for Declaratory Relief (Zurich Claim Series

11  Endorsement Is Unenforceable), for a judicial determination of the rights and obligations of the parties

12  under the Zurich Policies with respect to the Rosa Action and specifically a determination that the

13  Claim Series Endorsement is unenforceable as to the Rosa Action;

14       C.     As to the Third Cause of Action for Declaratory Relief (Duty to Indemnify – Zurich),

15  for a judicial determination of the rights and obligations of the parties under the Zurich Policies with

16  respect to the Rosa Action and specifically a determination that Defendant Zurich is obligated to

17  indemnify Plaintiff in the Rosa action under each and all of the Zurich Policies;

18       D.     As to the Fourth Cause of Action for Damages for Breach of Contract (Anticipatory

19  Breach – Zurich), for compensatory damages according to proof at trial and for interest thereon at the

20  legal rate;

21       E.     As to the Fifth Cause of Action for Declaratory Relief (Duty to Indemnify –

22  Continental), for a judicial determination of the rights and obligations of the parties under the

23  Continental Policies with respect to the Rosa Action and specifically a determination that Defendant

24  Continental is obligated to indentify Plaintiff in the Rosa Action under both of the Continental

25  Policies;

26       F.     As to the Sixth Cause of Action for Declaratory Relief (Duty to Indemnify – National

27  Union – Primary Policies), for a judicial determination of the rights and obligations of the parties

28  under the National Union Primary Policies with respect to the Rosa Action and specifically a

/ OFFICES OF
K, CASTLE &
'HOLSON LLP
ANGELES, CA

60165\1445178v6

1   determination that Defendant National Union is obligated to indemnify Plaintiff under both of the

2   National Union Primary Policies;

3        G.     As to the Seventh Cause of Action for Declaratory Relief (Duty to Indemnify –

4   National Union – Umbrella Policies), for a judicial determination of the rights and obligations of the

5   parties under the National Union Umbrella Policies with respect to the Rosa Action and specifically a

6   determination that Defendant National Union is obligated to indemnify Plaintiff in the Rosa Action

7   under each and all of the National Union Umbrella Policies;

8        H.     As to the Eighth Cause of Action for Declaratory Relief (Duty to Indemnify –

9   AISLIC), for a judicial determination of the rights and obligations of the parties under the AISLIC

10   Umbrella Policy with respect to the Rosa Action and specifically a determination that Defendant

11   AISLIC is obligated to indemnify Plaintiff in the Rosa Action under the AISLIC Umbrella Policy;

12        I.     As to the Ninth Cause of Action for Damages for Breach of Contract (Anticipatory

13   Breach – National Union – Primary Policies), for compensatory damages according to proof at trial

14   and for interest thereon at the legal rate;

15        J.     As to the Tenth Cause of Action for Damages for Breach of Contract (Anticipatory

16   Breach – National Union – Umbrella Policies), for compensatory damages according to proof at trial

17   and for interest thereon at the legal rate;

18        K.     As to the Eleventh Cause of Action for Damages for Breach of Contract (Anticipatory

19   Breach – AISLIC), for compensatory damages according to proof at trial and for interest thereon at the

20   legal rate;

21        L.     As to the Twelfth Cause of Action for Declaratory Relief (Duty to Indemnify –

22   Markel), for a judicial determination of the rights and obligations of the parties under the Markel

23   Umbrella Policy with respect to the Rosa Action and specifically a determination that Defendant

24   Markel is obligated to indemnify Plaintiff in the Rosa Action under the Markel Umbrella Policy; and

25        M.     As to the Thirteenth Cause of Action for Damages for Breach of Contract (Anticipatory

26   Breach – Markel), for compensatory damages according to proof at trial and for interest thereon at the

27   legal rate;

28        N.     As to the Fourteenth Cause of Action for Declaratory Relief (Duty to Indemnify – New

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

60165\1445178v6

1    Hampshire and ACE), for a judicial determination of the rights and obligations of the parties under the

2    2001-2002 Excess Policy with respect to the Rosa Action and specifically a determination that

3    Defendants New Hampshire and ACE are obligated to indemnify Plaintiff in the Rosa Action under

4    the 2001-2002 Excess Policy;

5         O.    As to the Fifteenth Cause of Action for Declaratory Relief (Duty to Indemnify –

6    Chartis UK and ACE European), for a judicial determination of the rights and obligations of the

7    parties under the 2001-2002 Excess Policy with respect to the Rosa Action and specifically a

8    determination that Defendants Chartis UK and ACE European are obligated to indemnify Plaintiff in

9    the Rosa Action under the 2001-2002 Excess Policy;

10        P.    As to the Sixteenth Cause of Action for Declaratory Relief (Duty to Indemnify – Does

11   1 through 10, inclusive), for a judicial determination of the rights and obligations of the parties under

12   the 2000-2001 Excess Policy with respect to the Rosa Action and specifically a determination that

13   Doe Defendants 1 through 10, inclusive, are obligated to indemnify Plaintiff in the Rosa Action under

14   the 2000-2001 Excess Policy; and

15        Q.    As to all Causes of Action:

16             1.     For costs of suit herein; and

17             2.     For such other and further relief as the Court may deem just and proper.

18   DATED: May 3, 2010                    COX, CASTLE & NICHOLSON LLP

19

20                                  By: _Jeffrey D. Masters_____

21                                     Jeffrey D. Masters
                                       John R. Musitano
22                                     Attorneys for Plaintiff Taylor Morrison Services,
                                       Inc. f/k/a Morrison Homes, Inc.
23

24

25

26

27

28

W OFFICES OF
OX, CASTLE &
CHOLSON LLP
S ANGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Taylor Morrison Services, Inc. f/k/a Morrison Homes, Inc. hereby demands a trial by

3  jury on all issues so triable.

4  DATED: May 3, 2010

                               COX, CASTLE & NICHOLSON LLP

5

6                             By:

7                             Jeffrey D. Masters

8                             John R. Musitano

                                Attorneys for Plaintiff Taylor Morrison Services,

9                             Inc. f/k/a Morrison Homes, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICES OF
, CASTLE &
HOLSON LLP
ANGELES, CA

THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES FOR BREACH OF CONTRACT

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 28th Floor, Los Angeles, California 90067-3284.

☐ (FOR MESSENGER) My business address is Nationwide Legal, 316 West 2nd Street, Suite 705, Los Angeles, CA 90012.

On May 6, 2010, I served the foregoing document(s) described as NOTICE OF FILING OF THIRD AMENDED COMPLAINT on ALL INTERESTED PARTIES in this action by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

See Attached List

On the above date:

☒ (BY ☒ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On May 6, 2010, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☐ (BY E-MAIL OR ELECTRONIC TRANSMISSION) - On _____, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document by electronic mail to the e-mail address of the addressee(s) pursuant to Rule 2.260 of the California Rules of Court. The transmission was complete and without error and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2010, at Los Angeles, California.

_____
Tamara Kawashima

<u>SERVICE LIST</u>

| | |
|---|---|
| Ramiro Morales, Esq.<br>Elizabeth Celniker, Esq.<br>MORALES FIERRO & REEVES<br>2300 Contra Costa boulevard, Suite 310<br>Pleasant Hill, CA  94523<br>Telephone:  (925) 288-1776<br>Facsimile:  (925) 288-1856<br>*Attorneys for Defendant Zurich American*<br>*Insurance Company* | Michael W. Melendez, Esq.<br>MELENDEZ & ASSOCIATES<br>2950 Buskirk Avenue, Suite 300<br>Walnut Creek, CA  94597<br>Telephone:  (925) 934-8000<br>Facsimile:  (25) 934-6700<br>*Attorneys for Defendant The Continental Ins.*<br>Co. |
| Mary McCurdy, Esq.<br>Mcurdy & fuller<br>4300 Bohannon Drive, Suite 240<br>Menlo Park, California  94025<br>Telephone:  (650) 618-3500<br>Facsimile:  (650) 618-3599<br>*Attorneys for Defendants National Union Fire*<br>*Insurance Co. of Pittsburgh, PA; American*<br>*International Specialty Ins. Co., now known as*<br>*Chartis Specialty Ins. Co.; and New*<br>*Hampshire Ins. Co.* | Irene Yesowitch, Esq.<br>LONG & LEVIT<br>465 California Street, 5th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 397-2222<br>Facsimile:  (415) 397-6392<br>*Attorneys for Defendant Markel American Ins.*<br>Co. |
| | |
| | |